May it please the Court, my name is Carmen Villamorcia and I am here today representing the petitioner in this case. Before I begin my argument, I would like the Court to take judicial notice under the Federal Rule of Evidence, Rule 201 and Rule 1101, of three reports between Convention and Court Wishes. I can email or mail three reports to the Court. The first is the Single Convention on Narcotics, Drugs, 1961. Pardon me, I'm having trouble hearing you because I hear there's an echo. Are you using a telephone or using video? No, I'm using Zoom, but I don't have video. Well, it's difficult to hear you, so speak slowly and enunciate well, please. Yes, sir. Yeah, Counselor, there is an echo, so I ask you to follow up Judge Beah's advice. We'll give you some extra time if you need it, but slowly and loudly. Yes, Your Honor. My name is Carmen Villamorcia and I am here today representing the petitioner. Before I begin my argument, I would like the Court to take judicial notice under the Federal Rule of Evidence, Rule 201 and Rule 1101, of three reports. And if the Court wishes, I can email or mail the three reports to the Court. Pardon me, of what do you want us to take judicial notice? The Single Convention on Narcotics, 1961, 18 U.S.C., 1407, T.I.A.S. 6298, 520 U.N.T.S. 204, as to which the U.S. and the Vietnam are parties and that cocaine is an illegal substance in Vietnam. The contents of the convention shows that cocaine is a Schedule I drug. The second document is the 2018 Country Reports on Human Rights Practices for 2018, written by the U.S. State Department Bureau of Democracy, Human Rights and Labor, calling attention to page 2. 200 people ran away from a drug rehabilitation center in 2018 because of forced labor requiring long hours and no pay, as well as beatings. The third report is the Freedom in the World 2020 report at http://freedomhouse.org, backslash country, backslash Vietnam, backslash noting at page 10 that Vietnam's judiciary is not independent from the Vietnamese Communist Party, evident in its criminal prosecution. See page 10. The issue in this case is whether known illegal drug users in Vietnam constitute a particular social group for relief of asylum and withholding of removal, and whether Mr. Nguyen was deserving of the discretionary relief granted by the immigration judge. See page 11. See page 12. See page 13. See page 14. See page 15. See page 16.   See page 19. See page 20. See page 21. See page 22.    See page 26. See page 27. See page 28. See page 29. See page 30. See page 4. See page 80. See page 91. See page 92. See page 93. See page 95. See page 86. See page 97. See page 98. See page 10.    See page 14. See page 15. See page 56. See page 57. It's been 10 years since their conviction and the Vietnamese government attempts to rehabilitate them? Your Honor, the immigration judge found that my client had a reasonable belief that if his records were provided to the Vietnamese government that he would have a 1 in 10 chance of being persecuted or placed in a rehabilitation camp and the rehabilitation camps have human rights violations, forced labor, and have been documented to be a problem. But counsel, counsel, the BIA specifically found that the IJ's determination that your client faces a reasonable possibility of being subjected to compulsory drug rehabilitation is clearly erroneous because of the evidence that the efforts are targeted at those with current drug abuse problems. Why isn't this a fair conclusion by the BIA given the evidence that was introduced before the IJ? Well, once my client was deemed to have a drug conviction by the Vietnamese government, he would be at risk to being placed in a rehabilitation camp simply by providing that information. The country has human rights violations, due process violations, and my client had a reasonable fear based upon his conviction records that the Vietnamese government could possibly place him in a rehabilitation camp. He wanted to withdraw his application. However, the government declined to withdraw his application. He even purchased a ticket to leave, but the government basically stated, in addition to his religious practice, that when he learned that the U.S. government would provide his records, he wanted to withdraw his application and leave the United States under the radar so that the Vietnamese government wouldn't have his records which causes him to have a reasonable belief that he fears the possibility of being placed in a rehabilitation camp. Vietnam is a communist country. The courts are controlled by the communist government and there is no true due process for him or judicial review. Even though they said that they wanted to institute judicial review, they haven't done that effectively, which is what the 2018 State Department country reports note that even up until 2018, people were being placed in these rehabilitation camps and also protesting and running away because they were forced to work as slaves without pay. Council, why don't you finish up and we'll give you some time for rebuttal. Even though your time has expired, there were some glitches in the beginning. Why don't you conclude and we'll give you some time for rebuttal. Mr. Nguyen demonstrated he had a well-founded fear that he will be persecuted and tortured if he returns to Vietnam under an order of removal, complacement and torturous rehabilitation camps and he has proven that the U.S. government will be required to divulge him as a convicted illegal drug offender and to turn over his entire criminal record as a prerequisite of repatriating the Vietnamese citizen pursuant to the U.S.-Vietnam agreement. For these reasons, we ask the court to reverse the decision of the board. In the alternative, we ask the court to remand this matter to allow Mr. Nguyen to pursue protection under the U.N. Convention Against Torture and or withdraw his application for admission to the United States so he can return to Vietnam under the radar without his conviction records being supplied to the Vietnamese government. Mr. Nguyen's application was withdrawn at the prompting of the immigration judge for cap after the grant of asylum and withholding of removal. However, because the convention prohibits the return of an alien to a country where he will be tortured, allowing Mr. Nguyen the opportunity to pursue that relief is required. Thank you, counsel. Mr. Ramnitz, whenever you're ready. Your Honor, I'm Tim Ramnitz on behalf of the United States Attorney General. Substantial evidence supports that this agency is now holding removal because Tishner failed to articulate a cognizable particular social group. And moreover, Tishner failed to show a clear probability of persecution, even assuming a cognizable particular social group. Tishner's particular social group of known drug users, as the board explained, fails for particularity. As the panel noted, it fails for an immutable characteristic. This is because what is a drug to many different people varies to many different people. It could be caffeine to some. It could be only cocaine and heroin to others. Immutability as a drug user is also subject to different interpretations. Someone who hasn't used drugs since 2003, such as Tishner, might not be considered a drug user by many other people because they haven't used drugs in decades. Tishner also does not challenge this finding in his opening brief. Pardon me. Tishner noted. If the record shows that he was convicted of possession of cocaine, what does it matter whether some people may think that marijuana is a drug and some people may think it's not a drug? Cocaine is pretty universally thought of as being a drug, is it not? That is true. I think we could all agree that heroin, cocaine, these are what everyone would think of as a drug. But to establish a particular social group, it has to be described with particularity. That means it has to have concrete defined boundaries. And just simply stating, if we set a group made of drug users, Well, so maybe we should remand it so we can amend this application to say known drug user dash cocaine. Or maybe he can amend the application now. I mean, there's nothing indistinct about cocaine, is there? No, but it's also Tishner has to bring these claims before the agency. He can't simply have the court make arguments for petitioner. What is happening here is he alleged a group of particular or known drug users. That's what he went with. And he didn't describe it with any particularity. But even if there was known cocaine users, there's still other terms in this social group that spell for particularity. This is the fact that user could be someone that currently uses drugs, as the board explained, or it could be someone that used drugs once as far as experimented, for example, or someone that has to be habitually used. Societal views vary on what a drug user is. And it's not even clear that Tishner would fit within his own particular social group because as he testified, he hasn't used drugs since 2003. Is he a user? A lot of members of society would say he is not a user. So we have amorphous terms drug because that's anything from caffeine to cocaine. Amorphous term user, that could be someone who used drugs once or a long time ago. It could be someone who habitually uses drugs currently. And also known, that's also an amorphous term. What does that mean? Someone with just a conviction for drugs or someone that people view in the neighborhood as a drug user because of the way they dress. Every term in this alleged or proper particular social group is amorphous and doesn't provide a concrete boundary. And moreover, it also fails to mutability. Actually, some characteristics cannot be facilitated. He's no longer a drug user. So that is why... What he can't change is the conviction for possession of drugs. And what you're saying is he styled his plea in an inartful way. He should have said a member of a particular social group convicted cocaine drug users. Period. Yes. That was something he failed to do. He failed to describe his group of particularity. And that is why you see the board focus on particularity. However, if he did manage to define a particular social group of particularity, he still has to show mutability and social distinction. So that is why the board did not reach social distinction, for example, because particularity was just not there. So the court would be putting the cart before the horse in that case and found that giving him another chance to describe particularity because he had these chances. And if he would have described it with particularity, the court would have been unable to or the board would have reached social distinction. But it's also important to note the petitioner, moreover, in addition to failing to define this group of particularity, also did not challenge particularity in his opening brief. You'll see on page 19, he starts to go into the board's group of particularity and expresses no disagreement with that finding, but then states that what the issue is is nexus. Whether or not the government will more likely than not place him in a rehabilitation center. So that is only one of two issues in this case. He first has to prove that they'll place him in a rehabilitation center on account of a protected ground here in a particular social group. And that's why the government argued he waived the particularity. And that's underscored by the fact that in his reply brief is the first time you'll see petitioner argue with particularity. And without a particular argument, that's what's positive in this case. You cannot challenge him in holding approval to that. But that does lead us to the second finding in this case. Even assuming a particular social group, there is no clear probability that he'll be placed in a drug rehabilitation center. It's because there's nothing in the background evidence that shows someone with a decade-old conviction is considered someone that is still subject to compulsory drug rehab. But differently, there's nothing that shows that even the government would see his conviction for cocaine in 2003 and say, you're still a drug user. You need rehabilitation. In fact... So counsel, if we were to reach that second issue, given what the IJ found and what the BIA found, wouldn't the government standard of review for our looking at what the BIA did here in finding that the IJ's decision was clearly erroneous? Looking for substantial evidence. The court looks for substantial evidence that their finding of no clear probability of persecution is supported. That's a little jumbled, but you would look to see if the court's finding that there is no clear probability of persecution is supported by substantial evidence. And another way of saying that is the record has to compel the conclusion that the petitioner established a clear probability of persecution. And even the immigration judge, who found there was a particular social group in this case and found there was a clear probability of persecution, seemed to contradict herself and note that it wasn't clear that the government would consider him someone who is subject to compulsory rehab. So every level in this case is just a lack of evidence supporting and withholding a removal claim. There's nothing showing that even assuming he established a particular social group, that he would be subject to compulsory rehab with a decade-old conviction, a foreign conviction at that, and for someone who claims they are rehabilitated. And also, I would note that he submitted a 2011 media article which states that predominantly who are in heroin users. He is not young and he has never had a conviction for heroin. So everything seems to contradict the fact that he would be placed into one of these drug rehabilitation facilities. Unless the panel has any further questions, the government rests. Okay, thank you, counsel. We'll put two minutes on the clock for rebuttal. The evidence shows that at least there's a 10% chance that Mr. Wing will be persecuted and that the U.S.-Vietnamese agreement requires the U.S. government to turn over Mr. Wing's criminal records before returning to Vietnam, which would reveal him as a former drug user and that the immigration judge did not clearly err. She considered all the facts, including Mr. Wing's criminal record. She also did not err in granting him relief based on finding that the evidence called him to question the legitimacy of the Vietnamese laws. We're asking the court to find that known drug users are a particular social group and grant this petition for review to prevent Mr. Wing from being returned to a communist country where he will be persecuted or tortured. This court has authority to find that the BIA erred in its determination that his particular social group lacks particularity and visibility and to distinguish the case from that relied on by the government with respect to criminal convictions being the sole basis for inclusion in the group based on his individual facts. As the government points out in the scope of standard of review, the court reviews for substantial evidence the necessary factual determinations underlying the legal questions of what constitutes a particular social group and whether the particular social group is immutable, particular and socially distinct. Therefore, it has a duty to consider the facts of this case independently of those relied on in Eileen v. Ashcroft with respect to excluding Wing from asylum because it is a drug conviction that places him in a particular social group. In that case, it was the U.S. government who would be directly responsible for placing him in the group. We do rely on the evidence in the record to support the case. Montesquino states that showing that there's a 10% chance of persecution would be sufficient for a grant of asylum. We rely on the U.S.-Vietnamese agreement that the U.S. must turn over Wing's criminal record before returning him to Vietnam which would reveal him as a drug user. We rely on the immigration judge's exercise of discretion in granting asylum and that she considered all the facts including Mr. Wing's criminal record and thus did not err in her decision. Counsel, your time is up. Thank you for your argument. We thank both counsel for their helpful arguments and the case just argued is submitted. The last case on the argument calendar today is Christian B. Thomas. Counsel, whenever you're ready.
judges: Wallace, Bea, Bennett